UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORTRELL RASHAAD BRYANT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-17988** |
| **MARLIN GUSMAN, ET AL** | **SECTION "S" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.  Factual and Procedural Background**

The plaintiff, Cortrell Rashaad Bryant ("Bryant"), is an inmate housed at the Orleans Justice Center, formerly known as the Orleans Parish Prison, at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. Bryant filed this complaint against Marlin Gusman and Aramark Correctional Service ("Aramark"). R. Doc. 1.

Bryant has filed this complaint against Gusman and Aramark alleging a violation of the Eight Amendment prohibition against cruel and unusual punishment as a result of the food being served by Aramark employees. *Id.* at p. 6. In particular, Bryant alleges that the food at Orleans Justice Center is always served overcooked. *Id.* at p. 4. He further alleges that he does not receive fruit and that the food provided has no nutrients, fats, protein, or calories due to the overcooking of the food. *Id.* He also alleges that he receives too many starches. He further alleges that the food is exposed to dirty germs, served on filthy food trays, and served cold. *Id.* at p. 6. Bryant argues that the Defendants are deliberately exposing him to an unbalanced diet that does not meet the

requirements provided for food by the Food and Drug Administration because the food has no vitamins and minerals. *Id.*

For the foregoing, Bryant seeks $50,000 for punitive damages; declaratory judgment, and reasonable attorneys' fees.

## II.     Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

Bryant has named Marlin Gusman and Aramark as defendants, seeking to hold them liable for the food being served to him at the Orleans Justice Center. R. Doc. 1. However, his claims as to the food he is being served are frivolous. In particular, Bryant complains that the food is being overcooked, that the selection of types of foods is not good, that the food is being served on dirty trays, and that the food is being served cold. R. Doc. 1, p. 4, 6.

To recover under § 1983, a plaintiff must identify both the constitutional violation and the responsible person acting under color of state law. *See Flagg Bros.*, *Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson,* 454 U.S. 312 (1981). First, as to the claims regarding the quality and amount of the diet, the Constitution mandates that detainees and inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell,* 801 F.2d 765, 770 (quoting *Smith v. Sullivan,* 553 F.2d 373, 380 (5th Cir.1977)) (footnote omitted); *see also Eason v. Thaler,* 73 F.3d 1322, 1327 (5th Cir. 1996) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food."). "The Constitution does not require that convicted inmates be provided with particular consumables at a certain temperature or levels of tastiness or with every culinary amenity which one may find desirable." *Jackson v. Gusman,* 2015 WL 5823295, at *8 (E.D. La. Oct. 6, 2015) (citing *Bell v. Wolfish,* 441 U.S. 520 (1979) (citing *Newman v. Alabama,* 559 F.2d 283, 291 (5th Cir.1977))).

While Bryant complains about that the food is being served overcooked and cold and that too many starches and not enough fruits are being served, nothing in Bryant's complaint suggests that the meals fail to meet these minimal standards. *See Raines v. Mitchell*, No. 09-1025, 2009 WL 3681832, at *2 (M.D. Tenn. Nov. 3, 2009) ("Apart from asserting that the food that he receives at CJC is insufficient, and not prepared in accordance with his dietary requirements, the plaintiff does not allege, nor can it be liberally construed from the complaint, that the food he receives lacks sufficient nutritional value to preserve his health. Specifically, the plaintiff does not allege, nor can

3

it be liberally construed from the complaint, that he has lost weight, suffered any adverse health problems, or that he is likely to so if the alleged problems with his food are not resolved.").

Second, as to his complaints concerning the filthy food trays and the food being exposed to dirty germs, prisons are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *See French v. Owens,* 777 F.2d 1250, 1255 (7th Cir .1985), *cert. denied sub nom, Owens v. French,* 479 U.S. 817 (1986). A minor sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas Cnty.,* 16 F.3d 954, 958 (8th Cir.1994); *Knop v. Johnson,* 977 F.2d 996, 1013 (6th Cir.1992); *Robinson v. Ill.State Corr. Ctr.,* 890 F.Supp. 715, 720 (N.D.Ill.1995). "[I]t is also clear that [i]nmates cannot expect the amenities, conveniences and services of a good hotel." *Billizone v. Jefferson Parish Corr. Ctr.*, No. 14-2594, 2015 WL 966149, at *8 (E.D. La. Mar. 4, 2015). "[E]ven unsanitary conditions may not constitute constitutional deprivations if a good faith effort has been made to maintain a clean area." *Pickett v. Aramark*, No. 08-296, 2010 WL 146866, at *2 (N.D. Fla. Jan 8, 2010) (citing *Kennibrew v. Russell,* 578 F.Supp. 164 (E.D.Tenn.1983)). "Furthermore, without some showing of physical injury resulting from the food service practices or potential contamination of the food, [a plaintiff] has no basis for bringing a suit under § 1983." *Walton v. Topps*, No. 12-0931, 2012 WL 3947529, at *10 (E.D. La. July 23, 2012) (citing *Jackson v. Taylor,* No. 05–823, 2008 WL 4471439, at *5 (D.Del. Sep. 26, 2008)).

Here Bryant has solely alleged a minor sanitation problem in connection with the food being served. His claims concerning dirty food trays and exposure to germs do not rise to the level of a constitutional violation. Moreover, he does not allege that he has been physically injured as a result of the food, his claim is frivolous because "without an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension." *Gabriel v. Gusman,* No. 10–1688, 2010 WL 3169840, at *6 (E.D. La. July 16, 2010), *adopted,* 2010 WL

3175045 (E.D. La. Aug. 10, 2010). His complaints about his bowel movements also fail to state a constitutional claim. *Tatten v. Gusman*, No. 11-1448, 2012 WL 2190781, at *6 (E.D. La. May 22, 2012) (dismissing claims where injury was "non-specific stomach discomfort which [attributed] to the cleanliness of the food service utensils"). As such, Bryant's claims can be dismissed with prejudice as frivolous and/or for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e. *See Walton,* 2012 WL 3947529, at *10; *Tatten*, 2012 WL 2190781, at *6; *Groves v. Gusman*, No. 09-7431, 2011 WL 1459775, at *4 (E.D. La. Mar. 4, 2011).

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Cortrell Rashaad Bryant's § 1983 claims against Marlin Gusman and Aramark Correctional Service be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 24th day of February, 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.